UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSMOS GRANITE (WEST), LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>VENKATESWARA RAO ARE,<br><br>Defendant. | Case No. C22-1172RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

This matter comes before the Court on Plaintiff Cosmos Granite (West), LLC ("Cosmos West")'s Motion to Remand. Dkt. #8. Plaintiff moves to remand this matter back to King County Superior Court as not being sufficiently related to a bankruptcy case under § 1334(b) and § 1452(a) to justify removal.

This case was originally filed in King County Superior Court on August 2, 2018. Dkt. #1-1. Plaintiff brings claims against Venkateswara Rao Are, a former employee who allegedly stole Plaintiff's customers and/or destroyed their business relationship. Dkt. #1-1. The Court is familiar with the parties through a parallel federal case involving the same actors. *See* Case No. 19-cv-1697-RSM. That parallel case was recently stayed on the eve of trial pending the bankruptcy proceedings of Defendant Minagrex, the company Mr. Are went to and eventually purchased and now owns. The instant case is stayed because of Mr. Are's removal, which also apparently occurred on the eve of trial. *See* Dkt. #8 at 10. The sole basis for removal is under § 1452 as a case related to the Minagrex bankruptcy pending in the Northern District of Texas. Dkt. #1 at 2–3.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 1

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Further, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." § 1334(b). "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Typically it is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

Cosmos West argues removal was improper under the first two prongs of § 1334(b) because "[p]urely state law claims cannot create 'arising under' jurisdiction because they are not based upon a provision of Title 11" and because "purely state law claims cannot create 'arising in' jurisdiction, as such matters encompass administrative matters that only arise in a bankruptcy case." Dkt. #8 at 11 (citing *In re Spokane Raceway Park, Inc.*, 392 B.R. 451, 457 (Bankr. E.D. Wash. 2008); *In re Ray*, 624 F.3d 1124, 1131 (9th Cir. 2010)). Here, Cosmos asserts two state law claims against Mr. Are—tortious interference with contract and violation of the Washington Consumer Protection Act. Thus, the only remaining option for removal

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 2

under § 1334(b) is for this case to be "related to" the Minagrex bankruptcy proceeding. Cosmos West cites *In re Silver State Dev.*, 121 F.3d 717 (9th Cir. 1997), for the standard that a proceeding is 'related to' a bankruptcy case if the outcome of that proceeding "could conceivably have any effect on the [bankruptcy] estate." Stated differently, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005). Cosmos West argues that its claims in the instant case are "based entirely on Washington statutory and common law, and are against Non-Debtor Are," and that Non-Debtor Are and Debtor Minagrex are not the same parties." Dkt. #8 at 12–13. Cosmos West argues that this action will not "determine any rights, liabilities, or course of action of the [Debtor Minagrex]." *Id*. at 13.

In Response, Mr. Are points to the following evidence of relatedness:

> In the State Court Action, Cosmos seeks recovery of 404 unpaid Wall to Wall invoices from Defendant based on alleged tortious interference with the MGX Settlement Agreement. *Id*.; *See* Ricketts' Declaration at Ex. 10 at p. 13-21. Similarly, in MGX II, Cosmos seeks recovery in the same Wall to Wall invoices. *See id*. at p. 22-23. Clearly, adjudication of these same liabilities will create the likelihood of inconsistent judgments and impact (either positively or negatively) the adjudication of the bankruptcy estate.

> Further, the State Court Action is "related to" the Bankruptcy Proceeding because—in order for Cosmos to prevail against Defendant in the State Court Action—Cosmos must prove that MGX breached the Settlement Agreement with Cosmos. In the State Court Action, Cosmos alleges that Defendant tortiously interfered with the Settlement Agreement between Cosmos and MGX. *See* Dkt. 9-2 at p. 4, ¶20, 21 ("As of February 17, 2017, one of [Cosmos'] competitors was contractually prohibited from selling directly or indirectly to Wall to Wall….Despite [Defendant's] knowledge of the contractual bar on [MGX] selling

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 3

directly or indirectly to Wall to Wall, Are actively and intentionally facilitated sales from [MGX] to Wall to Wall….")

Dkt. #12 at 13.  Mr. Are argues, "[i]f the Texas bankruptcy court finds that Defendant was acting in his capacity as representative of MGX, then liability for Cosmos' damages potentially may rest with MGX for breach of contract," and that "[i]f the Texas bankruptcy court finds that Defendant's actions were not the actions of MGX, then liability potentially may rest with Defendant individually, and MGX may then have a claim against Defendant, which would necessarily affect MGX's bankruptcy estate's assets (claims against third parties) and payment of liabilities (third party claims submitted in the MGX Bankruptcy Case)." *Id*. at 15.

On Reply, Cosmos West point out that Minagrex's bankruptcy filings indicate that it has no assets to pay creditors.  Dkt. #17 at 6 (citing Dkt. #9-10 at 3; Dkt. #18-2 at 2).  The Texas Bankruptcy Court directed creditors in the Notice of Chapter 7 Bankruptcy Case to accordingly not file a proof of claim, and Cosmos has yet to file such a claim.  *Id*.  Cosmos West argues that the instant case cannot affect the liabilities of Minagrex if Minagrex has no assets.  *Id.* at 7 (citing, *inter alia*, *In re DeMarco*, 454 B.R. 343, 347 (Bankr. E.D. Pa. 2011) ("It is generally recognized that upon entry of a report of no distribution, a bankruptcy court is divested of its related-to jurisdiction…. In such cases, bankruptcy courts lack jurisdiction over claims against nondebtors because any recovery by plaintiffs will not affect the amount of property available for distribution or the allocation of property among creditors.")).  Furthermore, Cosmos West points out that because it has not made a claim against the Minagrex bankruptcy, there is no "related to" jurisdiction.  *Id*. at 8–9 (citing cases).

The Court agrees with Cosmos West that Mr. Are cannot establish "arising under" or "arising in" jurisdiction.  "Related to" jurisdiction might be established if Minagrex had assets, but the case law appears to conclusively show that such cannot be established in a no-asset case

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 4

like this one.  The only way Minagrex could have assets is if it obtained them from Mr. Are, but Mr. Are owns and/or manages Minagrex and not the other way around.

Even if this action were related to the Minagrex Bankruptcy for purposes of §1334(b), equitable remand would be warranted as there is persuasive evidence that Mr. Are is using this Court to subvert the state court's judicial process and to prejudice Plaintiff.  *See* 28 U.S.C. § 1452(b); *Fed. Home Loan Bank of Seattle v. Deutsche Bank Sec., Inc.*, 736 F. Supp. 2d 1283, 1290 (W.D. Wash. 2010).  An attempt by Mr. Are to create "related to" jurisdiction by asserting Minagrex has a claim against himself would just be further evidence of subversion and reason to support equitable remand.

Given the strong presumption against removal, the Court finds that Defendant has not met its burden of establishing that removal was proper.  Consistent with the above, the Court further finds that Mr. Are's motion to transfer venue is not warranted and is properly denied.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff's Motion to Remand, Dkt. #8, is GRANTED.
2. Defendant's Motion to Transfer Venue, Dkt. #4, is DENIED.
3. This case is hereby REMANDED to King County Superior Court.
4. This matter is now CLOSED.

DATED this 23rd day of September, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND - 5